UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:20-CR-00246-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GERARD LATHON SMITH (01)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Doc. 115).

## BACKGROUND

On October 28, 2020, a federal grand jury returned an indictment charging the defendant with possession with intent to distribute cocaine.[1] On November 12, 2020, Karl Ludwig enrolled as counsel for Defendant.[2] On March 29, 2022, an evidentiary hearing was held on a motion to suppress filed by Defendant.[3] Ludwig represented Defendant at the hearing. On July 20, 2022, Eric Hayes replaced Ludwig as Defendant's counsel.[4] On August 11, 2022, David Rozas enrolled as additional counsel.[5]

On September 30, 2022, after briefing by the parties, the United States Magistrate Judge issued a Report and Recommendation recommending the denial of the motion to suppress.[6] On October 31, 2022, after considering Defendant's objection to the report and

---

[1] Doc. 1.
[2] Doc. 11, 18.
[3] Doc. 55.
[4] Doc. 68.
[5] Doc. 73.
[6] Doc. 79.

recommendation, the Court adopted the Report and Recommendation and denied the motion to suppress.[7]

Defendant entered a conditional guilty plea before the United States Magistrate Judge on May 15, 2023, pursuant to a written plea agreement.[8] The Court adopted the Report and Recommendation regarding the guilty plea.[9]

On August 31, 2023, Defendant was sentenced to 188 months imprisonment followed by five years of supervised release.[10] David Rozas and Eric Hayes withdrew as attorneys of record,[11] and the Federal Public Defender was appointed to represent Defendant on appeal.[12]

Defendant challenged the denial of the motion to suppress on appeal.[13] Defendant appeared to argue that the traffic stop was illegal as well as the prolonged detention after the stop. On September 4, 2024, the United States Court of Appeals for the Fifth Circuit affirmed the defendant's conviction.

## **LAW AND ANALYSIS**

In his Motion, Defendant complains that he was not provided *Brady/Giglio* material and that his attorney was ineffective in not obtaining that information.

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and

---

[7] Doc. 82.
[8] Docs. 86-89, 91.
[9] Doc. 92.
[10] Doc. 100, 102.
[11] Doc. 106-108.
[12] Doc. 110.
[13] Doc. 114.

would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). "[A] collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). In a motion to vacate, set aside or correct sentence, a defendant may present four cognizable grounds, which include the following: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally because collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc).

If claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted and can only be considered in a § 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal and actual prejudice resulting from the alleged errors. *Placente*, 81 F.3d at 558 ("[A] defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such error."); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) ("When raising issues of jurisdictional or constitutional magnitude for the first time on collateral review, a defendant ordinarily must show both cause for his procedural default and actual prejudice resulting from the error."). Even if a defendant cannot establish cause or prejudice, procedurally defaulted claims can

be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' or actual 'prejudice' . . . or that he is 'actually innocent.'").

*Ineffective assistance of counsel*

Claims of ineffective assistance of counsel may be raised for the first time in a proceeding under 28 U.S.C. § 2255. *United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020) (citing *Massaro* for proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising allegations of ineffective assistance of counsel).

To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his attorney's actions were objectively unreasonable and that his attorney's unreasonable actions resulted in prejudice. *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating two-prong *Strickland* test); *United States v. Phea*, 953 F.3d 838, 841 (5th Cir. 2020) (same).

The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 689). To meet

the second prong of *Strickland*, the defendant must show that counsel's deficient performance resulted in actual prejudice to the defendant. Thus, the defendant must show there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 695. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. The defendant must establish both prongs of this test. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

Defendant complains that the Government did not provide him the information required under *Brady v. Maryland¸*373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150, 154 (1972). "Under *Brady* and its progeny, due process requires that the prosecution disclose evidence that is both favorable to the defendant and material to guilt or punishment". *Floyd v. Vannoy*, 894 F.3d 143, 161 (5th Cir. 2018) (citing *Brady*, 373 U.S. at 87). "*Giglio* applies *Brady* to evidence affecting the credibility of key government witnesses." *United States v. Dvorin*, 817 F.3d 438, 450 (5th Cir. 2016) (citation omitted).

Specifically, Defendant challenges the arresting officer's credibility, disciplinary history or termination,[14] and his counsel's failure to investigate or seek disclosure or to compel production of *Brady/Giglio* impeachment material.

---

[14] The personnel records indicate that Mr. Miller resigned; he was not terminated.

The Government argues that Defendant's challenge is baseless, and he has failed to meet the required cause and prejudice test, which procedurally bars him from raising this claim. The Government directs the Court to the hearing transcript to demonstrate that all the information regarding negative personnel records of the officer testifying at the motion to suppress hearing were received by Defendants' counsel.[15] The Court notes that the officer's personnel records were introduced at the hearing[16] and Defendant's counsel used these records during his cross-examination of the witness.  The Court has reviewed those records and there is no indication that Officer Miller had a propensity for being dishonest. The Government contends that his counsel's representation was neither unreasonable nor prejudicial.

The Court has reviewed the motion to suppress hearing transcript and the exhibits and considered the Defendants' arguments and finds that Defendant has failed to meet the two-prong test mandated by *Strickland.* Accordingly,

**IT IS ORDERED** that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 115) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 24th day of February, 2026.

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[15] Docs. 61, 79.
[16] Doc. 58-2, p. 5.