**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**UNITED STATES OF AMERICA**                **CASE NO.  6:20-CR-00246-01**

**VERSUS**                                  **JUDGE JAMES D. CAIN, JR.**

**GERARD LATHON SMITH (01)**                **MAGISTRATE JUDGE CAROL B. WHITEHURST**

**MEMORANDUM ORDER**

Before the Court is a "Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)" (Doc. 126) filed by Defendant Gerard Lathon Smith. Additionally, Defendant has filed a "Notice invoking Prison Mailbox Rule, Request for Judicial Notice, and Request for Finding of Timeliness" (Doc. 130).

**BACKGROUND**

On October 28, 2020, a federal grand jury returned an indictment charging the Defendant with possession with intent to distribute cocaine.[1] On August 21, 2023, Defendant was sentenced to 188 months imprisonment followed by five years of supervised release.[2] Defendant filed an appeal, arguing that both the traffic stop and his prolonged detention was illegal.[3] On September 4, 2024, the United States Court of Appeals for the Fifth Circuit affirmed the conviction.[4]

---

[1] Doc. 1.
[2] Doc. 100, 102.
[3] Doc. 104.
[4] Doc. 114.

On December 22, 2025, Defendant filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [5] In this motion, Defendant states that he was not provided *Brady/Giglio* material and that his attorney was ineffective in not obtaining that material. However, on February 24, 2026, this motion was denied as the Court found that the Defendant failed to meet the two-prong test mandated by *Strickland*.[6] On April 14, 2026, Defendant filed a "Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)".[7] The Defendant argues that the Court should alter or amend its original judgment and allow for proceedings under 28 U.S.C. § 2255 because there is new evidence that would undermine the judgment. *Id.* Defendant also argues that his previous counsel failed to obtain this evidence and was therefore ineffective because with this evidence there would be a reasonable probability of a different outcome. *Id.*

The Government responded to this motion on June 5, 2026, arguing that the motion was untimely as it should have been filed within 28 days, the motion lacked merit because the exhibits that the Defendant claims as new evidence in his motion had already been reviewed by the Court before the original judgment was rendered, and the motion was a successive § 2255 motion rather than a motion under Fed. R. Civ. P. 59 (e).[8]

## **LAW AND ANALYSIS**

Under Fed. R. Civ. P. 59 (e) a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. In this case, the judgment was rendered

---

[5] Doc. 115.
[6] Doc. 125.
[7] Doc. 126.
[8] Doc. 128.

on February 24, 2026 and the Defendant filed a "Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)" on April 14, 2026.

Defendant requests that the Court take notice of the "Prison Mailbox Rule" that provides that a *pro se* prisoner's filing is deemed filed on the date the prisoner delivers the filing to prison officials for mailing. See *Houston v. Lack*, 487 U.S. 266, 276 (1988). Defendant further asserts that Rule 3(d) of the rules governing § 2255 proceedings provides that:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing.

The Court agrees that the rules dictate the timing of filings for a prison inmate to be when said filing is deposited in the institution's internal mailing system. The Court has reviewed the letter envelope filed in the record with Defendant's Motion for Reconsideration[9] and notes that Defendant placed the instant motion in the institution's mail system on March 20, 2026.  As such, Defendant's Motion is timely.

Next, Defendant argues that there is new evidence that would undermine the original judgment. However, upon examination of the documents, it is determined that the documents and the information in the documents were previously considered by the Court in the original judgment.

Fed. R. Civ. P. 60(b) provides as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[9] Doc. 126-3.

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

In clarifying that petitioners cannot use Rule 60(b) to circumvent the prohibition against successive habeas petitions, the United States Supreme Court has held that a Rule 60(b) motion is a successive habeas motion if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution for a claim on the merits." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

The Government argues that because the information presented by the Defendant as new evidence was previously considered by the Court, that the Defendant's motion is a successive § 2255 motion, rather than a motion to alter or amend under Fed. R. Civ. P. 59(e). See *United States v. Anderson,* No. 95–cr- 040, 1998 WL 512991, at *1–2 (E.D. La. Aug. 14, 1998) (construing Rule 59(e) motion as a second section 2255 motion when petitioner raised issues that could have been raised in the original petition but were not). The Court agrees.

Under 28 U.S.C. § 2255(h), a second or successive motion must contain newly discovered evidence. However, as previously discussed, the Defendant failed to present new evidence within this motion. Additionally, under 28 U.S.C § 2244(b)(3)(A), a defendant must receive authorization from the Court of Appeals before he can file such a

motion. In this case, the Defendant does not have that authorization from the Fifth Circuit Court of Appeals. As such, the Court deems Defendant's Motion as a successive § 2225 motion and he lacks the requisite authorization from the Fifth Circuit.

## CONCLUSION

For the reasons explained herein, the Court finds that Defendant's motion is without merit and he has not established a basis for relief.

**IT IS ORDERED** that Defendant's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. 126) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for the Court to take Judicial Notice of the Mailbox Rule is **DENIED** as unnecessary.

**THUS DONE AND SIGNED** in Chambers this 7th day of July, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**